## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-2606

KRIS HAGANS,

Plaintiff,

v.

FARMERS INSURANCE EXCHANGE and KEVIN GRAVES,

Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff, Kris Hagans, by and through her attorneys, Jordan Law, for her Complaint and Jury Demand, states and alleges as follows:

### PARTIES AND JURISDICTION

1.  At all times relevant herein, Plaintiff Kris Hagans (hereinafter "Plaintiff") was, and is, a citizen of the State of Colorado, residing at 200 Mountain Ash Court, Milliken, CO 80543.

2.  Upon information and belief, at all times relevant herein, Defendant Farmers Insurance Exchange (hereinafter "Farmers") was, and is, a California company, authorized to do business in the State of Colorado, with its principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA, 91367; Farmers' registered

agent is Corporation Service Company, located at 1560 Broadway, Suite 2090, Denver, CO 80202.

3. Upon information and belief, at all times relevant herein, Defendant Kevin Graves (hereinafter "Graves") was, and is, a citizen of the State of Texas, residing at 910 Southgate, Brady, TX, 76825.

4. Pursuant to 28 U.S.C.A. § 1332, jurisdiction in a civil action is proper where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states; Plaintiff herein alleges damages against Farmers and Graves arising out of breach of contract and negligence claims, respectively, in excess of $75,000, exclusive of interests and costs, and therefore, jurisdiction is proper.

5. Pursuant to 28 U.S.C.A. §1391, venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; here, Plaintiff's claims for breach of contract and negligence stem from two motor vehicle collisions occurring in the cities of Arvada and Greeley, both within the State of Colorado, and therefore, venue is proper.

## GENERAL ALLEGATIONS

6. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

7. This action arises out of two separate motor vehicle collisions occurring on September 6th, 2014 and January 30th, 2015, in the City of Arvada, Colorado and City of Greeley, Colorado, respectively.

8. Each motor vehicle collision directly and proximately caused Plaintiff to suffer serious bodily injury, requiring medical attention, ultimately resulting in Plaintiff sustaining considerable economic and non-economic damages, as well as permanent impairment. Plaintiff suffered injuries to the same and/or similar parts of her body as a result of each separate motor vehicle collision, including but not limited to her neck, which ultimately required surgical intervention, and therefore, Defendants are properly joined in this action as necessary and indispensable parties in resolving Plaintiff's claims for damages arising out of personal injury.

9. The first motor vehicle collision directly and proximately causing Plaintiff's injuries and subsequent damages occurred on September 6th, 2014, in the City of Arvada, State of Colorado, on southbound Colorado State Highway 121 at or about West 75th Avenue, at approximately 1:10 p.m. At or about that time and place, Plaintiff was the restrained driver of her 2008 Toyota RAV4, traveling southbound on Colorado State Highway 121, at or about the 7500 block, ultimately coming to a complete stop due to traffic ahead, when Thomas Nielson, the tortfeasor, an underinsured motorist, operating a 1996 Nissan Sentra and traveling behind Plaintiff, carelessly, negligently, and while driving too fast for road conditions, failing to observe traffic ahead, and neglecting to permit sufficient following distance, failed to stop behind Plaintiff, ultimately striking the

rear of Plaintiff's vehicle, directly and proximately causing Plaintiff to suffer serious bodily injury, resulting in considerable medical care, damages and losses. Thomas Nielson was cited for Careless Driving at the scene by the investigating officer of the Arvada Police Department.

10. The sole cause of the subject motor vehicle collision of September 6th, 2014 was the careless and negligent conduct of Mr. Nielson, who failed to exercise reasonable care in avoiding harm to other motorists by virtue of his actions in derogation of applicable motor vehicle statutes, including, in and among others, Careless Driving. At all times relevant to the motor vehicle collision of September 6th, 2014, Plaintiff acted reasonably under the circumstances, was not comparatively at fault, and mitigated her damages.

11. As a direct and proximate result of the motor vehicle collision of September 6th, 2014, in part giving rise to this action, Plaintiff has suffered injuries forcing her to incur medical bills for treatment and Plaintiff will continue to incur additional medical bills in the future. To date, Plaintiff has incurred $137,150.04 in reasonable and necessary medical expenses.

12. As a direct and proximate result of the motor vehicle collision of September 6th, 2014, in part giving rise to this action, Plaintiff has sustained mileage expenses and out of pocket expenses.

13. As a direct and proximate result of the motor vehicle collision of September 6th, 2014, in part giving rise to this action, Plaintiff has suffered permanent physical impairment.

14.     As a direct and proximate result of the motor vehicle collision of September 6th, 2014, in part giving rise to this action, Plaintiff has sustained and will sustain in the future loss of earnings and loss of earning capacity, and other economic damages, costs, losses, and expenses.

15.     As a direct and proximate result of the motor vehicle collision of September 6th, 2014, in part giving rise to this action, Plaintiff suffered and continues to suffer mental anguish, pain and suffering, permanent disability, loss of enjoyment of life, and other non-economic damages.

16.     Plaintiff did not suffer from any pre-existing physical or emotional conditions that in any way contributed to her injuries or damages sustained as a direct and proximate result of the September 6th, 2014 motor vehicle collision.

17.     At all times relevant to the September 6th, 2014 motor vehicle collision, Plaintiff was, and is, legally entitled to recover damages from the tortfeasor, Thomas Nielson, as a result of bodily injury sustained by the Plaintiff.

18.     At all times relevant to the September 6th, 2014 motor vehicle collision, the tortfeasor's vehicle was insured by a $25,000/$50,000 bodily injury liability bond or policy issued by Progressive Insurance Company that was insufficient to fully compensate Plaintiff for damages arising from bodily injury caused by the tortfeasor to which Plaintiff was legally entitled. The tortfeasor's vehicle was an "uninsured motor vehicle" pursuant to policy number 18636-01-37, issued by Defendant Farmers, as the coverage provided by the bodily injury liability bond or policy issued by Progressive was less than the limits

of the Uninsured Motorist Coverage provided by Farmers policy 18636-01-37, which provided $250,000/$500,000 of coverage.

19. Upon information and belief, at all times relevant to the September 6th, 2014 motor vehicle collision, neither the vehicle driven by the tortfeasor, Thomas Nielson, nor Thomas Nielson himself was insured through any other applicable bodily injury liability bond or policy providing coverage for damages to which Plaintiff was entitled arising from bodily injury sustained by Plaintiff and caused by Thomas Nielson on September 6th, 2014.

20. At all times relevant to the September 6th, 2014 motor vehicle collision, Plaintiff was an "insured person" with Defendant Farmers through an insurance policy, number 18636-01-37, as defined therein, which was in full force and effect, sold by Defendant Farmers, and purchased by Brian Hagans, which in part provided for uninsured motorist benefits pursuant to C.R.S. 10-4-609(4) in the amount of $250,000/$500,000.

21. The insurance policy providing coverage to Plaintiff, and issued by Defendant Farmers to Brian Hagans, numbered 18636-01-37, included uninsured motorist coverage under Part II — Uninsured Motorist, Coverage C — Uninsured Motorist Coverage (Including Underinsured Motorist Coverage), which provided that Defendant Farmers pay all sums which an insured is legally entitled to recover as damages from the owner or operator of an "uninsured motor vehicle" because of bodily injury sustained by the insured person (insured person defined in part as "Any other person while occupying

your insured car"), in the instant, Plaintiff, as a result of the use of the uninsured motor vehicle.

22. At the time of the September 6th, 2014 motor vehicle collision, under the terms of Farmers insurance policy 18636-01-37, insured person was defined as "any other person while occupying your insured car"; Plaintiff was an insured under the state policy, as the 2008 Toyota RAV4 she was operating at the time of the September 6th, 2014 motor vehicle collision was an "insured car" listed under Farmers policy numbered 18636-01-37.

23. The vehicle driven by the tortfeasor, Thomas Nielson, is an "uninsured motor vehicle" under the insurance policy issued by Defendant Farmers, number 18636-01-37, defined as "insured by a bodily injury liability bond or policy at the time of the accident which provides coverage in amounts less than the limits of Uninsured Motorist Coverage shown in the Declaration." Here, at the time of the subject collision, the vehicle driven by Thomas Nielson was insured by a bodily injury liability bond or policy issued by Progressive Insurance Company in the amount of $25,000.00/$50,000.00, less than the $250,000.00/$500,000.00 coverage benefits provided by policy 18636-01-37 providing coverage to Plaintiff and issued by Defendant Farmers to Brian Hagans.

24. The Farmers policy, number 18636-01-37, remained current and in effect during all time periods relevant to the subject collision of September 6th, 2014.

25. Defendant Farmers is liable for the negligence of the underinsured tortfeasor for damages to which the Plaintiff is legally entitled to recover under the

aforementioned uninsured/underinsured motorist policy coverage, for which Brian Hagans paid premiums, per C.R.S. 10-4-609(1)(a) & C.R.S. 10-4-609(1)(c).

26. Plaintiff is legally entitled to recover compensatory damages for bodily injury from uninsured/underinsured owner/operator Thomas Nielson, including but not limited to past, present, and future economic and non-economic damages, in an addition permanent impairment and/or disfigurement.

27. Defendant Farmers has breached the contract of insurance and policy # 18636-01-37 by failing to pay uninsured/underinsured benefits owed to Plaintiff pursuant to Defendant Farmers' policy # 18636-01-37, an insurance contract entered into with Brian Hagans, for the benefit of insured persons, including Plaintiff.

28. As the direct and proximate result of the negligence of the uninsured tortfeasor, Plaintiff has incurred past and future economic losses which include loss of home services, lost wages, reasonable and necessary past and future medical expenses including, but not limited to, physician, hospital, physical therapy, injection therapy, orthopedic care, surgical intervention, imaging, prescription medications, and other expenses, to which Plaintiff is entitled to recover from Defendant Farmers.

29. As the direct and proximate result of the negligence of the uninsured tortfeasor, Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life; Plaintiff has suffered permanent physical impairment, disfigurement, past and future pain and suffering, loss of

the value of her time, loss of enjoyment of life, and other non-economic damages, to which Plaintiff is entitled to recover from Defendant Farmers.

30.     Despite demands by Plaintiff through her counsel, Defendant Farmers has failed to pay reasonable, appropriate, or otherwise legally entitled uninsured/underinsured motorist benefits for injury, damages, and losses described above to Plaintiff prior to the expiration of the applicable statute of limitations. Defendant Farmers has failed to pay Plaintiff any amounts for damages arising out of bodily injury to which Plaintiff is legally entitled to collect under policy 18636-01-37.

31.     Accordingly, Plaintiff seeks general and special damages from Defendant Farmers for its breach of contract stemming from unpaid benefits to which Plaintiff is entitled to recover as a direct and proximate consequence of the injuries and damages caused by uninsured tortfeasor Thomas Nielson's negligence.

32.     The second motor vehicle collision directly and proximately causing Plaintiff's injuries and subsequent damages occurred on January 30th, 2015, in the City of Greeley, State of Colorado, on northbound Interstate 25 at or about mile marker 245, at approximately 5:15 p.m. At or about that time and place, Plaintiff was the restrained driver of her 2002 GMC Sierra, traveling northbound on Interstate 25 at or about mile marker 245, ultimately coming to a complete stop due to traffic ahead, when Defendant Graves, operating a 2004 Chevrolet pickup truck, and traveling behind Plaintiff, carelessly, negligently, and while driving too fast for road conditions, failing to observe traffic ahead, and neglecting to permit sufficient following distance, failed to stop behind

Plaintiff, ultimately striking the rear of Plaintiff's vehicle, directly and proximately causing Plaintiff to suffer serious bodily injury, resulting in considerable medical care, damages and losses.

33. The sole cause of the subject motor vehicle collision of January 30th, 2015 was the careless and negligent conduct of Defendant Graves, who failed to exercise reasonable care in avoiding harm to other motorists by virtue of his actions in derogation of applicable motor vehicle statutes, including, in and among others, Careless Driving, Speed Limits, and Following Too Closely. At all times relevant to the motor vehicle collision of January 30th, 2015, Plaintiff acted reasonably under the circumstances, was not comparatively at fault, and mitigated her damages.

34. As a direct and proximate result of the motor vehicle collision of January 30th, 2015, in part giving rise to this action, Plaintiff has suffered injuries forcing her to incur medical bills for treatment and Plaintiff will continue to incur additional medical bills in the future. To date, Plaintiff has incurred $137,150.04 in reasonable and necessary medical expenses.

35. As a direct and proximate result of the motor vehicle collision of January 30th, 2015, in part giving rise to this action, Plaintiff has sustained mileage expenses and out of pocket expenses.

36. As a direct and proximate result of the motor vehicle collision of January 30th, 2015, in part giving rise to this action, Plaintiff has suffered permanent physical impairment.

37. As a direct and proximate result of the motor vehicle collision of January 30th, 2015, in part giving rise to this action, Plaintiff has sustained and will sustain in the future loss of earnings and loss of earning capacity, and other economic damages, costs, losses, and expenses.

38. As a direct and proximate result of the motor vehicle collision of January 30th, 2015, in part giving rise to this action, Plaintiff suffered and continues to suffer mental anguish, pain and suffering, permanent disability, loss of enjoyment of life, and other non-economic damages.

39. Plaintiff did not suffer from any pre-existing physical or emotional conditions that in any way contributed to her injuries or damages sustained as a direct and proximate result of the January 30th, 2015 motor vehicle collision.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract – Uninsured/Underinsured Motorist Benefits *against* Defendant Farmers Insurance Exchange)**

40. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

41. At all times relevant to the September 6th, 2014 motor vehicle collision, the tortfeasor Thomas Nielson's vehicle was insured by a $25,000/$50,000 bodily injury liability bond or policy issued by Progressive Insurance Company that was insufficient to fully compensate Plaintiff for damages arising from bodily injury caused by the tortfeasor to which Plaintiff was legally entitled. The tortfeasor's vehicle was an "uninsured motor

vehicle" pursuant to policy number 18636-01-37, issued by Defendant Farmers, as the coverage provided by the bodily injury liability bond or policy issued by Progressive was less than the limits of the Uninsured Motorist Coverage provided by Farmers policy 18636-01-37, which provided $250,000/$500,000 of coverage.

42. Upon information and belief, at all times relevant to the September 6th, 2014 motor vehicle collision, neither the vehicle driven by the tortfeasor, Thomas Nielson, nor Thomas Nielson himself was insured through any other applicable bodily injury liability bond or policy providing coverage for damages to which Plaintiff was entitled arising from bodily injury sustained by Plaintiff and caused by Thomas Nielson on September 6th, 2014.

43. At all times relevant to the September 6th, 2014 motor vehicle collision, Plaintiff was an "insured person" with Defendant Farmers through an insurance policy, number 18636-01-37, as defined therein, which was in full force and effect, sold by Defendant Farmers, and purchased by Brian Hagans, which in part provided for uninsured motorist benefits pursuant to C.R.S. 10-4-609(4) in the amount of $250,000/$500,000.

44. The insurance policy providing coverage to Plaintiff, and issued by Defendant Farmers to Brian Hagans, numbered 18636-01-37, included uninsured motorist coverage under Part II — Uninsured Motorist, Coverage C — Uninsured Motorist Coverage (Including Underinsured Motorist Coverage), which provided that Defendant Farmers pay all sums which an insured is legally entitled to recover as damages from the

owner or operator of an "uninsured motor vehicle" because of bodily injury sustained by the insured person (insured person defined in part as "Any other person while occupying your insured car"), in the instant, Plaintiff, as a result of the use of the uninsured motor vehicle.

45. At the time of the September 6th, 2014 motor vehicle collision, under the terms of Farmers insurance policy 18636-01-37, insured person was defined as "any other person while occupying your insured car"; Plaintiff was an insured under the state policy, as the 2008 Toyota RAV4 she was operating at the time of the September 6th, 2014 motor vehicle collision was an "insured car" listed under Farmers policy numbered 18636-01-37.

46. The vehicle driven by the tortfeasor, Thomas Nielson, is an "uninsured motor vehicle" under the insurance policy issued by Defendant Farmers, number 18636-01-37, defined as "insured by a bodily injury liability bond or policy at the time of the accident which provides coverage in amounts less than the limits of Uninsured Motorist Coverage shown in the Declaration." Here, at the time of the subject collision, the vehicle driven by Thomas Nielson was insured by a bodily injury liability bond or policy issued by Progressive Insurance Company in the amount of $25,000.00/$50,000.00, less than the $250,000.00/$500,000.00 coverage benefits provided by policy 18636-01-37 providing coverage to Plaintiff and issued by Defendant Farmers to Brian Hagans.

47. The Farmers policy, number 18636-01-37, remained current and in effect during all time periods relevant to the subject collision of September 6th, 2014.

48.     Defendant Farmers is liable for the negligence of the underinsured tortfeasor for damages to which the Plaintiff is legally entitled to recover under the aforementioned uninsured/underinsured motorist policy coverage, for which Brian Hagans paid premiums, per C.R.S. 10-4-609(1)(a) & C.R.S. 10-4-609(1)(c).

49.     Plaintiff is legally entitled to recover compensatory damages for bodily injury from uninsured/underinsured owner/operator Thomas Nielson, including but not limited to past, present, and future economic and non-economic damages, in an addition permanent impairment and/or disfigurement.

50.     At the time of the subject motor vehicle collision on September 6th, 2014, Brian Hagans had paid the requisite uninsured/underinsured motor vehicle insurance premiums.

51.     At all times relevant hereto, Plaintiff has complied with all conditions precedent to coverage as an insured person under the insurance policy issued by Defendant Farmers to Brian Hagans.

52.     To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant Farmers has not been prejudiced by the failure to comply.

53.     To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant Farmers may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Plaintiff.

54. Despite requests by Plaintiff through her counsel, Defendant Farmers has failed to pay reasonable, appropriate, or otherwise legally entitled uninsured/underinsured motorist benefits to Plaintiff prior to the expiration of the applicable statute of limitations. Specifically, Defendant Farmers has failed to pay Plaintiff any benefit amounts to which Plaintiff is legally entitled to collect under the policy.

55. Defendant Farmers has breached its contract of insurance, policy 18636-01-37, by denying the uninsured/underinsured motorist benefits and/or refusing to pay benefits to which Plaintiff is entitled under the contract as an insured person.

56. Plaintiff has performed all conditions precedent and has been damaged by Farmers' breach of contract in an amount to be proven at trial.

57. As a direct and proximate result of Defendant Farmers' breach of contract and breach of its fiduciary duty to its insured, Plaintiff has suffered injuries, damages, costs, losses, and expenses, for which Defendant Farmers is legally liable in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
**(Negligence *against* Kevin Graves)**

58. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

59. On January 30th, 2015, in the City of Greeley, State of Colorado, on northbound Interstate 25 at or about mile marker 245, at approximately 5:15 p.m., Plaintiff was the restrained driver of her 2002 GMC Sierra, traveling northbound on Interstate 25

at or about mile marker 245, ultimately coming to a complete stop due to traffic ahead, when Defendant Graves, operating a 2004 Chevrolet pickup truck, and traveling behind Plaintiff, carelessly, negligently, and while driving too fast for road conditions, failing to observe traffic ahead, and neglecting to permit sufficient following distance, failed to stop behind Plaintiff, ultimately striking the rear of Plaintiff's vehicle, directly and proximately causing Plaintiff to suffer serious bodily injury, resulting in considerable medical care, damages and losses.

60. Defendant Graves owed Plaintiff a duty to exercise reasonable care in the operation of a motor vehicle.

61. Defendant Graves breached his duty to exercise reasonable care in the operation of a motor vehicle by negligently and carelessly operating the aforementioned vehicle in the following respects:

   a. Driving carelessly;

   b. Driving negligently;

   c. Following too closely;

   d. Failing to observe proper following distance;

   e. Failing to observe proper vehicle speed for the traffic conditions;

   f. Failing to properly observe traffic ahead;

   g. Failing to operate the stated vehicle in such a way so as to avoid colliding with other vehicles; and

    h. Generally operating the stated vehicle in a negligent and careless manner.

62. As a direct and proximate result of the negligence of Defendant Graves, as described above, Plaintiff has incurred past and future economic losses, which include but are not limited to the loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past and future medical expenses including, but not limited to, physician, hospital, chiropractic, physical therapy, injection therapy, surgical intervention, prescription medications, and other costs/expenses.

63. As the direct and proximate result of the negligence of Defendant Graves, as described above, Plaintiff has suffered permanent physical impairment and/or disfigurement, as well as past, present, and future pain and suffering, loss of the value of her time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

64. Accordingly, Plaintiff seek both general and special damages from Defendant Graves as a foreseeable consequence of the injuries and damages suffered as a result of Defendant Graves' negligence on January 30th, 2015, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

### **THIRD CLAIM FOR RELIEF**
**(Negligence *per se against* Kevin Graves)**

65. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

66. Defendant Graves' conduct during the above described collision was in violation of C.R.S. § 42-4-1402, the Careless Driving Statute, C.R.S. § 42-4-1401, the Reckless Driving Statute, C.R.S. § 42-4-1101, the Speed Limits Statute, and C.R.S. § 42-4-1008, the Following Too Closely Statute, as well as other statutes pertaining to traffic regulation or safety. These violations amount to negligence per se.

67. Plaintiff suffered the type of harm designed to be protected by the applicable Colorado Revised Statutes and Plaintiff is within the class of persons designed to be protected by the applicable Colorado Revised Statutes.

68. Defendant Graves' conduct was in derogation of applicable Colorado Statutes and, therefore, constitutes negligence per se.

69. As a direct, foreseeable and proximate result of the negligence per se of Defendant Graves, as described above, Plaintiff incurred past and future economic losses which include but are not limited to loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past and future medical expenses including, but not limited to, physician, hospital, chiropractic, physical therapy, injection therapy, surgical intervention, prescription medications, and other costs/expenses.

70.     As the direct, foreseeable and proximate result of the negligence per se of Defendant Graves, as described above, Plaintiff suffered permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of her time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

71.     Accordingly, Plaintiff seek both general and special damages from Defendant Graves as a reasonably foreseeable consequence of the injuries and damages suffered as a result of Defendant Graves' negligence per se on the occasion in question, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendants in an amount to fairly compensate the Plaintiff for the injuries (as set forth above), costs, court costs, expert witness fees, statutory interest accrued from the date of the subject accident or as otherwise permitted under Colorado law and for such relief as the Court deems proper. Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss;

(b) For an amount which will reasonably compensate Plaintiff for medical expenses, past and future;

(c) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind;

(d) For any amount which will reasonably compensate Plaintiff for pain and suffering, past and future;

(e) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life;

(f) For all pre- and post-judgment interest as permitted by law;

(g) For costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and meet in the premises.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 30th day of October 2017.

Respectfully submitted,

**JORDAN LAW**

*s/ Michael S. Douglass-Harris*
Jason W. Jordan, #37263
Michael S. Douglass-Harris, #43916
5445 DTC Parkway, Suite 1000
Greenwood Village, CO 80111
Phone: (303) 766-8153
Fax: (303) 766-5568
Email: jason@jordanlaw.com
michael@jordanlaw.com

*Attorneys for Plaintiff*

*Address for Plaintiff*
200 Mountain Ash Court
Milliken, CO 80543